UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASHLEY GODDARD,

        Plaintiff,

v.                                Case No. 3:23-cv-314-BJD-JBT

THE SMART STAY INN
AND SUITES,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Ashley Goddard, initiated this action *pro se* by filing a complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). When Plaintiff filed her complaint, she was a pretrial detainee housed at the Broward County Jail. *See* Compl. at 1; Doc. 1-1 (mailing envelope). She has since been released. *See* Notice of Change of Address (Doc. 3). Plaintiff seeks relief from a St. Augustine hotel where she was staying at the time of her arrest. *See* Compl. at 2-3. She asserts the hotel staff stole or destroyed her valuable and irreplaceable personal property while she was in jail. *Id.* at 3-4.

Because Plaintiff was a pretrial detainee when she filed her complaint, the Court must assess whether it states a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B) (authorizing a district court to dismiss a complaint that

"fails to state a claim upon which relief may be granted"); 28 U.S.C. § 1915A(a), (b) (providing that a district court "shall" review a civil rights complaint filed by a prisoner to ensure it states a plausible claim for relief).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting "under color of [state law]" deprived her of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. *See also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful [§] 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law . . . ."). The under-color-of-law element requires a plaintiff to allege "the deprivation [was] made by a state actor." *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021).

Plaintiff filed a nearly identical complaint in October 2022, which this Court dismissed without prejudice, in part because she did not allege a deprivation by a state actor but rather sued a private entity. *See* Orders (Docs. 14, 16), Case No. 3:22-cv-1262-HLA-JBT. As before, Plaintiff does not allege a viable claim under § 1983 because she seeks relief from a private entity, not a state actor. Accordingly, her complaint is due to be dismissed without prejudice for her failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of March 2023.

                                          BRIAN J. DAVIS
                                    United States District Judge

Jax-6
c:    Ashley Goddard